IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.:  14-CV-00840-JPG-SCW |
| ) | |
| VILLAGE OF ALORTON, A Village ) | PLAINTIFF REQUESTS TRIAL BY JURY |
| Corporation, Mayor, LEO STEWART, ) | |
| individually and in his official capacity, ) | |
| Public Safety Director, LARRY AUSTELL, ) | |
| individually and in his official capacity, ) | |
| and MAJOR GERALD CRENSHAW, ) | |
| individually and in his official capacity ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, LEON HUGHES, by his Attorney, Greg Roosevelt, for his Complaint

against the Defendant, VILLAGE OF ALORTON, MAYOR LEO STEWART, PUBLIC

SAFETY DIRECTOR, LARRY AUSTELL, and MAJOR GERALD CRENSHAW states as

follows:

1.      The Plaintiff, Leon Hughes, is a resident of St. Clair County, Illinois and is a

citizen of the State of Illinois.

2.      Leon Hughes was employed as a police officer for the Village of Alorton located

at 4821 Bond Avenue in Alorton, St. Clair County, Illinois.

3.      The Village of Alorton is a Village Corporation located in St. Clair County,

Illinois operating under the laws of the United States and the State of Illinois.  Its principal place

of business is 4821 Bond Avenue, Alorton, Illinois 62207 and it is a citizen of the State of

Illinois.  At all relevant times Mayor, Leo Steward herein "Mayor" was employed by Defendant,

Village of Alorton.  He is sued individually and in his official capacity.  At all relevant times

Defendant, Larry Austell was the Director of Public Safety and responsible for the operation of the Alorton Police Department. Larry Austell is sued individually and in his official capacity. At all relevant times Defendant, Major Gerald Crenshaw is responsible for the day to day operation of the Alorton Police Department. Major Gerald Crenshaw is sued individually and in his official capacity.

4.   On August 13, 2013 the Plaintiff entered into a settlement agreement with the Defendant, Village of Alorton in 12-CV-729 in a suit Plaintiff filed in U.S. District Court for the Southern District of Illinois against Defendant.

5.   During the past year the Plaintiff has suffered continued retaliation by Defendants stemming from his whistleblowing activities and resistance to unlawful acts and commands as described in 12-CV-729.

6.   The Plaintiff had refused orders from the Chief of Police to take actions which he knew to be illegal, had reported the same to managers within the Department, and other law enforcement agencies and has been retaliated against in a continued pattern of retaliation by the Defendants in violation of 740 ILCS 174/1 et. seq.

7.   The Defendant has restricted Plaintiff to part time work. The Defendant has refused Plaintiff to have any say in his scheduling even though all other officers are allowed to pick their schedules. Plaintiff has been verbally accosted and harassed for having complained about prior administrations in the City of Alorton. The Plaintiff has been told that he will never gain full time employment or become a Chief or Assistant Chief of the Department as a result of his whistleblowing activities.

8.   The Plaintiff is a former Police Chief, Assistant Chief, and Chief Investigating Officer for the Village of Alorton and has served the Village and fulfilled all of his job functions.

## Count I
### Liberty Interest

The Plaintiff, LEON HUGHES, for Count I of his Complaint states as follows:

The Plaintiffs realleges paragraphs 1 through 8 of the Complaint and for Count I further states:

9.      The Plaintiff had a legitimate expectation of continued employment in the law enforcement field and had a liberty interest in that career. The Plaintiff had worked for the Alorton Police Department previously gaining fulltime status and had been promoted to rank of Assistant Chief.

10.     Plaintiff was then wrongfully demoted in retaliation for his resisting illegal actions of the Chief of Police and other members of the police department of the Village. The Defendants Trustees and Mayor had ignored the illegal actions of the police chief and requests by the Plaintiff to intervene.

11.     The Defendants then retaliated against Plaintiff demoting him and thus depriving the Plaintiff of his liberty interest in his continued employment as a fulltime police officer. Defendants continuously denied Plaintiff work hours and openly told him he would never be fulltime or hold any rank due to his prior whistleblowing. Plaintiff has served the Village as a law enforcement officer with distinction and now is being deprived by the Defendants of his liberty interest secured by the U.S. Constitution in pursuing his career in law enforcement administration with the Defendant Village

12.     On or about June 30, 2014 the Plaintiff was interviewed by the Defendant's Police and Fire Board after he applied for a posted fulltime position. Said Board recommended the Plaintiff for fulltime employment with the Defendant finding him fully qualified for the position. The Defendant has subsequently refused to follow that finding.

13.     The Plaintiff has lost back pay with interest, attorney's fees, litigation expenses, expert fees, emotional distress, lost pay, and lost benefits and suffered emotional distress and seeks damages in excess of $300,000.

WHEREFORE, the Plaintiff, LEON HUGHES, requests Judgment against the Defendants in an amount exceeding $300,000.

## Count II
## Whistleblower

The Plaintiff, LEON HUGHES, realleges paragraphs through 1 through 8 of the Complaint and 9 through 13 of Count I and for Count II further states:

14.     The Plaintiff had resisted orders from the Chief of Police to take actions which they considered illegal and reported the same to the Mayor and members of the City Council and then were subsequently retaliated against by the Defendants denying Plaintiff his work in violation of 740 ILCS 174/1 et. seq.

15.     The Plaintiff has lost back pay with interest, attorney's fees, litigation expenses, expert fees, emotional distress, lost pay, and lost benefits and suffered emotional distress and seeks damages in excess of $300,000.

WHEREFORE the Plaintiffs seek judgment against the Defendants in an amount in excess of $300,000.

## Count III
## Intentional Infliction of Emotional Distress

The Plaintiff, LEON HUGHES, realleges paragraphs through 1 through 8 of the Complaint, 9 through 13 of Count I, 14 and 15 of Count II and for Count III further states:

16.    The Defendants knew or should have known that the series of harassing actions and retaliations against the Plaintiffs would or were likely to cause severe emotional distress. The Defendants knew the Plaintiffs were dependent upon his employment for his financial security. There was a disparity of power in the relationship between the Village Trustees and the Police Chief and Mayor and the Plaintiff. The Plaintiff suffered demotion for refusing to follow unlawful orders. Plaintiff was fearful for his financial, security, professional career, and personal safety after the continued retaliation and actions undertaken by the Mayor, Trustees, and Police Chief. The City would have known or reasonably should have known that Plaintiff was under a great deal of pressure given the actions of retaliation and further retaliation would likely cause severe emotional distress.

17.    The Plaintiff has lost back pay with interest, attorney's fees, litigation expenses, expert fees, emotional distress, lost pay, and lost benefits and suffered emotional distress and seeks damages in excess of $300,000.

WHEREFORE the Plaintiff seeks judgment against the Defendants in an amount in excess of $300,000.

Respectfully submitted,

/s/ Greg Roosevelt
Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
618-656-9160
618-692-9718 Fax
gregroosevelt@gmail.com